[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13837
Non-Argument Calendar

_____

D. C. Docket No. 05-00517-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ACOSTA,
a.k.a. Juan Carlos Acosta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Acosta appeals the concurrent 135-month sentences he received

following pleas of guilty to conspiracy to possess with intent to distribute and possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States.[1] He asks that we vacate his sentences and remand the case for resentencing on the ground that the district court, in calculating his sentencing range, misapplied United States Sentencing Guideline § 3B1.2 by improperly denying him a mitigating role reduction.

Acosta was one of four crew members on board a vessel that was caught by the United States Coast Guard south of Jamaica with 1,832 kilograms of cocaine. Acosta claims (1) that he was nothing more than an unskilled deck hand, following the directions of his supervisors; (2) he was not going to receive proceeds from the drugs he was transporting; and (3) he did not own the drugs or organize the trip. He argues that the purpose of a mitigating-role reduction is to ensure that low-level participants in the conspiracy do not receive the same sentences as participants "higher up in the criminal pyramid." He claims that, as the sentence stands, there is no distinction between the crew and "equally responsible" participants, such as the drug owners and managers who manage to evade arrest.

We review a district court's determination of a defendant's entitlement to a role reduction for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930,

---

[1] 46 App. U.S.C., §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii).

2

937 (11th Cir. 1999). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role reduction. *Id*. at 939.

To determine whether a minor-role reduction applies, a district court first should measure the defendant's role against the relevant conduct for which the defendant has been held accountable. *Id*. at 940-41. This requires the district court to assess all probative facts of the defendant's role in his relevant conduct. *Id*. at 943. In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs; (2) the fair market value of the drugs; (3) the amount to be paid to the courier; (4) the defendant's equity interest in the drugs; (5) the defendant's role in planning the criminal scheme; and (6) the defendant's role in distribution. *Id*. at 945. The amount of drugs, in particular, is a material consideration in assessing the defendant's role, and "may be dispositive–in and of itself–in the extreme case." *Id*. at 943. Further, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id*. at 942-43.

We agree with the district court that Acosta failed to carry his burden under § 3B1.2. It is clear that his role in the offense was identical to the conduct for

which he was held accountable, and he did not show that he was substantially less capable than other participants involved in the conspiracy. Acosta was held accountable only for the 1,832 kilograms of cocaine that he helped to transport, a substantial amount of drugs. His role was not minor in the relevant conduct of possession and conspiracy to possess with intent to distribute five kilograms of cocaine. Although there was a captain on board that may have played a more significant role, Acosta brought forth no evidence at the sentencing hearing that the other two crew members on board were more involved in the venture than he was. Moreover, the evidence that he presented at sentencing – that he was a hard-working family man, had no criminal history, and that such criminal conduct was out of character for him – are irrelevant to his conduct in the instant offense. These sentencing factors were already taken into consideration in determining the reasonableness of Acosta's sentence under 18 U.S.C. § 3553(a).

Since the district court did not clearly err by denying Acosta's request for a § 3B1.2 minor-role reduction, we affirm.

**AFFIRMED**.